# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEPHEN BRILES,

    Plaintiff

v.

OSCAR AND SERGIO GONZALEZ of Two Brothers Junk,

    Defendants

Case No.: 2:18-cv-01066-APG-CWH

**Order Remanding Case**

    Plaintiff Stephen Briles filed a complaint in state court on February 26, 2018. ECF No. 1 at 6. Defendants Oscar and Sergio Gonzalez removed the case to this court on June 13, 2018. I ordered the parties to submit additional information for me to determine whether removal was proper because it was unclear whether this court's $75,000 diversity jurisdictional limitation was satisfied. ECF No. 7. Defendants responded that the complaint alleges injuries to two ankles and one wrist, that Briles still suffers pain, and was told he may require up to two years of physical therapy. They thus estimate, based on no evidence before the court, that his medical bills could be up to $25,000 for past treatment and up to $65,000 in future care. ECF No. 8 at 3. They also argue that if wrist or ankle surgery is needed, the medical bills will be even greater. Plaintiff Briles did not respond to the order to show cause.

    Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566. Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

Briles alleges he suffered "two sprained ankles and a badly sprained right radial carpal joint wrist" as a result of a fall at the defendants' junk yard near Pahrump, Nevada. ECF No. 1 at 7:12-14. He admits to a pre-existing injury of "carpal tunnel syndrome in the wrist that was injured." *Id.* at 7:17. After suffering these injuries, Briles drove to Wickenburg, Arizona where he was checked out by a doctor. *Id.* at 7:14-15. Based on these injuries and his pain and suffering, he demanded $600,000 in his complaint. *Id.* at 7:20-21.

"If the complaint filed in state court alleges damages in excess of the required federal jurisdictional amount, remand is warranted only if it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 n.8 (9th Cir. 2006) (citation omitted). *See also St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

It does not appear that the $600,000 demand in the complaint is made in good faith, given the fact that Briles sustained only sprained joints. While those injuries were no doubt painful and not trivial, it is difficult to see how his claim is worth $600,000. The defendants have not produced any additional evidence to show that his claim is worth more than the jurisdictional amount. Instead, the defendants offer only suppositions and guesses about the damages Briles

2

might have suffered, the bills he might have incurred, and future treatment he might need, without any evidentiary support. The defendants bear the burden of proving the jurisdictional amount is satisfied, but they have not met that burden here.

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated this 20th day of July, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE